Mr. Ed Unseld for the appellant, and Ms. Neha Sharma for the appellate. You may proceed, Mr. Unseld. Counsel, may it please the court. As Justice Chapman said, I'm Edward Unseld. I represent David Elliott. I would like to first, very briefly, just recite some of the, what I believe is the relevant facts very quickly. And then I would like to then argue the non-application of the two cases that stand for this issue. And then I would like to, the last part of my argument, address the fact of the factual distinction. In August of 2009, Defendant Elliott received a DUI and shortly thereafter received a confirmation of a summary suspension for failure to blow in a breath test shortly thereafter. Immediately when he received that, he filed a petition to rescind the summary suspension. A court date was set within the 46 days. Counsel for the defendant was out of town and filed a motion for a short continuance. The minute record in that case clearly indicates that the delay was attributed to the defendant. In a case, the second hearing date was set six days before the suspension was to go into effect. Four days later, there was another order, subsequent order entered, and it continued. The date was before the suspension, the effective date of suspension, until six days after. The minute record clearly does not say that it is a delay attributed to the defendant. It doesn't say, it just says on motion. So, I mean, the only other alternative would be that it was either from the state or an administrative or judicial. But you can see the two continuances. The first one clearly says, on behalf of the defendant, attributed to the defendant. And the second one just simply says, hey, it's continued. As fate would have it, between the two dates, the suspension was to go into effect on the 11th. Two days later, Mr. Elliott receives a driving-on-suspended license. Six days after he received a driving-on-suspended license, he was given a full hearing. And Judge Grace ruled that there was absolutely no basis at all for the stop. The judge in open court and in writing ruled that the summary suspension would be rescinded. A notice was given to the Secretary of State, and the Secretary of State entered an order rescinding the summary suspension effective October 11th. The effective date of the order was stated as October 11th, which was two days prior to the infraction of the driver. Two cases, Fosha, and I hope I say it right, is Chinnowski. Fosha is out of the Third District. Chinnowski is out of the First District. Fosha's is very interesting. We have Justice Slater, who gave the opinion of the court. And basically his ruling was that the defendant does not obtain a hearing before the suspension takes effect. When that happens, we find that any recession that happens subsequent should not be applied retroactively. Justice Lyons concurs, but he clearly thinks about this. He says, appropriately, he says, well, the legislature in dealing with the Secretary of State and the rescission orders does not tell us what rescission means. He says, and he goes on and he gives a number of cases. And he says that we have a number of definitions of rescissions. And he says it's assigned several meanings, and it means including but not limiting, to abrogate, to annul, to vacate, to set aside. He has all these definitions, and he says they're disparate. And because of that, we should, the charge for driving with a license suspended should hold because of the defendant's delay in seeking rescission. Well, he also goes and says in the Fosha facts where when a driver continues to drive eight months after her license is suspended, a subsequent rescission order should not apply retroactively. So clearly Justice Lyons throws this delay in there and says that because of the various meanings of rescission, well, in my opinion, Justice Holdren, who filed the dissent, he's got it right. He says rescission is rescission. It's clear, it's a clear meaning. There's no various meanings. Rescission is rescission. It originates from contract law. It generally occurs where there's a mistake. When there is a mistake, rescission applies, and it is intended to put the parties back where they were when they started. In this situation, it is a rescission order from the Secretary of State that puts the driver back where he was when the suspension took place. And if we think about it, the act of driving on a suspended license is just a general intent. If you're driving, which per se driving is not illegal, it is only illegal if you're doing it contrary to the governing agency who gives you the privilege, which in our state in most cases is the Secretary of State. So clearly, if someone is driving, it is not incongruous with them to be illegal at one point, and then when a mistake is discovered and is set back, then that act, that same act, becomes legal, becomes lawful. Justice Slater and Justice Lyons, well, particularly Justice Lyons in the FOSHA decision, they have a hard time swallowing this concept because of the delay. In Council 3, on page 6, they state that the defendant does not explain why this distinction should change the outcome of the case. It clearly says the defendant has 90 days to file for rescission, so the FOSHA defendant was well within that timeframe. I don't know where they did the math, but that's a totally incorrect statement. In FOSHA, the lady received the DUI charge on January 13th of 1995. Her suspension went into effect on March 1st of 1995. She did not file her petition to rescind until September, which was 257 days after she got charged. She then, after files it, does get a driving on suspended and then prevails on that, even under that set of facts. I mean, regardless of the delay, the court, the two justices that ruled it didn't apply. Try to have an equitable solution to it illegally, there isn't. She, the Secretary of State, she saw fit to rescind the suspension, and the rescission relates back. It's clear that it relates back. Justice Oldridge was correct. The Chinnowski court, that's a little bit different. That defendant was more timely in filing it, and in that situation, you had a driver who received a DUI and in accordance with statutory summary suspension. He delayed the file. He did not file his petition to rescind that quick. He left the suspension going into effect. Then he gets charged again with DUI. Under our statute, if you're DUI again under a summary suspension, then that's an aggravated DUI. That's a felony. So at that point in time, he moves, gets the rescission, and tries to relate it back. Well, and they, all three justices are in uproar. They cite FOSHA, and they state clearly, it says the driver delays. When a driver delays filing a petition to rescind such that there's not enough time for the court to rescind it prior to the 46th day, the suspension will take effect on that day, even if there is a petition pending. That's clear. But unfortunately, Chinnowski, I believe, was wrong as well. There was a recession. Again, if you look at the Secretary of State's order, there's categories, and it says, when does this recession take effect? What is the effective date of this action? And in Mr. Elliott's case, and also in the FOSHA case, and also in the Chinnowski case, it says it is effective on the date of the suspension. Therefore, it renders the suspension a nullity. I understand that the defendants in all three situations, including the case of Barr, knew that their license was suspended, and they drove anyway. That flaunting should not be tolerated, but unfortunately, the legislation, the Secretary of State has a choice. They could reinstate the driver's license. They want to correct it. They reinstated it on the date of the hearing when they found no probable cause. They didn't do this. They rescinded it. There's no debate as to what rescission means. And unfortunately, in the FOSHA and the Chinnowski case, that's just the way that the law is. Now in Mr. Elliott's case, and I'm arguing, and I'm strenuously arguing, that here in the Fifth District, let's have a better reasoned decision. FOSHA and Chinnowski, I believe, misapply the term rescission. I believe Justice Holdridge, in the dissent in FOSHA, correctly states what the proper ruling would be in these types of situations. Now, if you want to factually distinguish it, in Mr. Elliott's case, it's very factually distinguished from these, because the delay was not as an egregious delay. There was one Motion 5 to continue. Clearly, that court date, as I stated in the facts, gave him a date, six days before the hearing. Nothing to do with him. Unbeknownst to him, the court simply entered a subsequent order and said, sorry, we're going to kick this for whatever reason. Was there any objection to that? There was not. And as a practical matter, maybe there should have been to preserve the record, but when you're going on these summary suspension hearings, and there's no jury, you're going in front of the judge, and in Mr. Elliott's case, it was a judge way out of the county. If it's assumed that that's administrative or judicial, look, I couldn't do that on that date. I'm going to do this on another date. He didn't want some defense lawyer yipping at him, saying, oh, no, we need it here. But there was not an objection filed. It just was clearly pushed, but not attributable to the defendant. Clearly, it's stated in the original motion to continue, attributed to the defendant. The second subsequent continuance, it just said continue. So it appears that the judge is the one that- The state denied it. There was no written motion for the state. The prosecutor would come in there and say, look, I've got something else to do. But none of that appears. There was absolutely no pleading filed on behalf of the defendant. And that was stipulated, too, in the trial. Now, so we have one other issue. I mean, I believe that his is factually differentiated from Chankowski, Chanowski, and Fosha. But we have another. You have Melendez, and he has the right, the defendant has the right to be fired. And certainly, there is a statute that says that the state could put in a certified copy of the driving abstract to prove that the driving was suspended. But in this type of situation where you have two competing certified documents that state, one states the day after, yes, his license was suspended. But if you go one week later, and from then on out, the certified driving abstract says that suspension is rescinded. And that suspension is not only rescinded, but it's rescinded two days before he received the driving on suspension. And I think that in those situations where you just don't have a clear-cut affidavit, like you did in Melendez where you have a competing affidavit, I think that the proper, to preserve the right of confrontation clause, Secretary of State should have been called in, and the defendant should have been allowed to cross-examine. Well, what do you mean by this rescission? What effect do you give? You have two different documents here. Both are purportedly certified. I think that it should come out that the Secretary of State representative might very well say that, well, we do not treat that as a driving on suspended since rescinded. They may very well have said that under cross-examination, but the defendant not being allowed to have that person present, I think, violated the Supreme Court, U.S. Supreme Court ordinance. And for that reason, I would ask that this Court reverse Perry County Court and Melendez. Thank you. Thank you, counsel. You'll have the opportunity to rebut. Ms. Sharma. May it please the Court. Counsel Neha Sharma for the people. I found it interesting that counsel started off by saying, as fate would have it, the defendant was pulled over for that traffic infraction. I think that goes to the heart of this issue of how rescission is defined and whether it applies retroactively. It's not as fate would have it. The defendant made a decision. He knew he wasn't allowed to drive. He got in his car and he drove. That's against the law. You cannot do that. Yes. Ms. Beckham, there was two documents. The one document said there was no summary suspension because it was revoked. So does that mean only to the date of the issuance of the document or does it back date to the date? Are you referring to the abstract? Yes. It was presented in the Court. Right, right. The one that was submitted by the State, which was issued in October, when the hearing took place, simply states that the statutory summary suspension was in effect on the date he was pulled over. It didn't say that it only lasted for that date? It didn't say from date to date? No. That document didn't say that? That document didn't. The one that the defendant submitted, which I believe was in March of 2010, what his driving record looked like in March of 2010, that one stated that there was a rescission that took place on October 23rd. It stated, I believe it said there was a termination date and an effective date. Now, there's an effective date on there that said, I believe, October 13th and a termination date, October 23rd, 2009. Whether that means that it's going to apply retroactively is unclear by looking at the abstract. And you'll see when you look at the abstract. It's in the record? It's in the record. It's in the record. Let's see if I have the record number on here. When you look at the record, it's not clear what that means. I looked at the dates a couple times in the people's version and the defendant's version. It's inconclusive as to what the Secretary of State's intent was by putting in those dates, which is why we then look to the case file. So can you have a partial revocation of a summary suspension? In other words, like take ten days off the first ten days or the last 20 days or something? I don't believe so. Once on the 23rd when the Secretary of State entered the order of decision, that was the date that the summary suspension was, as far as the people say, it was rescinded on that date. It didn't go back to the initial. It was revoked on that date. It was revoked on that. It was rescinded on that date. I mean rescinded. I'm sorry. But they only rescinded part of it. This is a partial rescission because they didn't rescind what was previous. The order simply states that it was rescinded on the 23rd. It doesn't say what part it is rescinding going back. It's not saying that it was rescinded from the dates beginning on October 13th until the 23rd. It simply says that this order is entered on. This order of suspension is rescinded. Correct. Correct. So that would mean the whole order, I would think, wouldn't it? Sure. It is rescinded completely. The question is once it's rescinded, does that mean that anything that happened between the time the suspension began, any violations? With respect to driving on a suspended, not with speeding or something like that. Correct. If anything that happened between the date that the suspension began and the rescission, do those become nullified? No. I don't believe that's what it means. These are two separate. We have the civil case and we have the criminal case. The defendant is arguing for a remedy in the criminal case based on a continuance that is unclear who filed it in the civil case. As far as the question of whether it's fair to define a rescission as not to apply retroactively because, as you said, the DUI was ultimately dismissed, that's why there is that period of time before a suspension begins where you can have this limited civil hearing, where you can have the statutory summary suspension rescinded right then and there before the suspension ever begins. In this case, the defendant received notice on September 26th that another continuance was filed by this phantom party we don't know of. It was continuing the hearing to October 19th, which was after the date the suspension would begin. There was no objection made. And there was certainly plenty of time for one to be made. I don't know what difference it makes that the defendant was coming from another county. An objection could have been made, and if it had been, the trial court has the authority to stay the effect of the suspension until the hearing. So the effect of the suspension could have been rescinded, or perhaps the hearing could have been moved up to a date before the suspension began. But there was no such action taken. So to ask as a remedy then to have an entire criminal case thrown out because of a continuance filed in the civil case, it just doesn't make sense. The vehicle's code, the only remedy that it contemplates is an automatic rescission if the defendant doesn't receive a hearing within 30 days of filing his petition. Granted, the defendant didn't receive a hearing within 30 days of filing his petition, but that was because he filed the initial continuance, which took him out of the 30 days. But even if we were to assume that he should have been granted a rescission because of the fact that there was a second continuance, he's not asking for a rescission, and he doesn't need one. He received it. He is asking for this separate case to be thrown out, essentially to ignore the fact, as both of these two cases, as Fosha and Chachanowski stated, to ignore the fact that he disregarded the law. And I think that's what it boils down to. The defendant is drawing some distinctions in the facts between these two cases. In Chachanowski, yes, the petition for rescission was filed after the second DUI. Okay, the language in that case still states that a rescission is not retroactive. That's the main takeaway from that case, that the rescission, that the suspension wasn't void, it was voidable, it's not retroactive. But then you look at Fosha, and in that case, just as in this one, the defendant filed her petition before she was pulled over for driving on her suspended license. So Fosha, you think, is on point? Absolutely. So now do you believe that we should have horizontal stare decisis then in the Fifth District? I do not, and I believe it was decided correctly. And for this same reason, as I already said, quote, the court quoted, to hold otherwise that rescission is not retroactive would condone a defendant's disregard of the law. The Fifth District has that same rationale to support affirming the defendant's conviction. Now, counsel pointed out that the defendant in Fosha, that the suspension began in March and she didn't file her petition until September. I believe that was, that case was out of 2000, 2005, when that trial happened. I believe the statutory framework has changed from then to now where there's that 90-day requirement. My point, merely pointing out that there's no legal distinction between that case and this case, is that in that case, the defendant filed her petition for rescission before she received the summary suspension, which is the distinction the defendant is making in Chachanowski as well. In that case, he didn't file his petition before, and that was merely what I was pointing out. Either way, there is no legal distinction there. She applied due diligence, and either way, the statutory framework right now contemplates that a suspension begins 46 days after a defendant receives notice of a suspension. But the defendant has 90 days to file a petition. So, it is within our legislative framework that a suspension can go into effect and the defendant can then file the petition and then have that suspension rescinded. That does not mean that if between the time that petition is filed and that suspension began, the defendant can go out and drive a car and hope, well, maybe it'll get rescinded later and this will all go away. That's bad policy. It's not sound policy. Looking to the second issue, the Confrontation Clause, Council conceded the statute states that certified driving abstracts can be admitted. There is case law that states certified driving abstracts do not run afoul of the Confrontation Clause. The only thing that the defendant could distinguish his case from this established law is the fact that there were two competing driving abstracts. There is no case law or anything to indicate that when there are two competing abstracts, somehow the law has changed. The Confrontation Clause comes back in and runs afoul. All that means is there are questions of fact for the jury or, in this case, the judge to decide. It's exactly what the trial fact is there for, to make these credibility determinations. Defendant was allowed to admit his petition, excuse me, his driving abstract. The state admitted theirs. They made their arguments. Certainly it could have helped or hurt the defendant's argument if there had been somebody from the Secretary of State there to testify. The defendant could have subpoenaed somebody from the Secretary of State. He didn't do it. That doesn't mean the state had any obligation to bring somebody to the trial. The defendant could have done that if he thought it was going to help his case. There is no reason that two competing driving abstracts are going to change the framework, which is very well established, that these sorts of documents are not testimonial. The defendant cited Melendez-Diaz. In that case, the defendant was found with some narcotics. In that case, the state had a lab run a test to find out what it was. Well, it was cocaine. The question is, does that lab analyst have to show up to trial? And the court said, yes, that is exactly a perfect example of what a testimonial document is. It was prepared specifically for prosecution. Here, driving abstracts are made by the Secretary of State as part of their daily business. They have to keep a record of all the drivers in the state of Illinois. It was not made for the purposes of prosecution. So Melendez-Diaz is completely distinguishable from the case at hand. Ms. Sherman, I'm looking at the actual notice order for sin that's compiled as an exhibit, and there's some additional writing on it other than what's typed. Can you clue me into what your take is on that? It says, Exhibit E, and then below the notice order of rescind, it has some additional writing. I don't think I have a copy of that. Does it? If you don't, I'll just have to see what Ms. Jarzom says. Added without objection, is that? Added without objection. Okay. Correct, I think it is. Okay. And then it's got a date, and then what is that below that date then? Do you have any idea what that is? I would guess it might be the judge's initials, but I do not. Okay. I would only be speculating. Okay, thank you. Your Honor, I just don't have any further questions. I would simply point out that there is established case law on both of these issues that finds that the defendant is not entitled to a reversal, so we would ask that you refer to it. Thank you, Ms. Jarzom. Ms. Jarzom, do you have a ball? Your Honor, it's not add, it's admit. Admit without objection. Oh, okay. And that's Judge Campanella's signature. Rescission, rescission, rescission. What does that mean? I just hate to beat a dead horse, but if you take a look at the exhibit that the defendant, the driving abstract that we submitted, it shows, Your Honor, that the effective date of the action, the effective date of this rescind order, Exhibit E, is October the 11th of 09. That is when this goes into effect. And on Exhibit E, it states a clear effective date, 10-11 of 09. I'm looking at that. Could that also mean that that was the effective date of the statutory summary suspension, which is right above it? Yeah, well, they're both along the same lines. That's exactly right. Order rescinded, statutory summary suspension, the effective date. Well, the suspension went into effect, but the order rescinding it went into effect at the same time. It's a non-protont application. An example, and I put this in my brief real quickly. In Illinois, we're one of the very few states, we have to have an FOID card. Our legislature has said that for anybody to hunt, residents of Illinois to hunt, they have to have a firearm owner's identification card. And we're right here on the border of Missouri, and I run into this. I have friends of mine that live in Missouri, and, of course, I live in Illinois and have a farm in Illinois. And the two of us can be hunting side by side. And if a gate warden comes in, we're both doing the same thing, carrying the same weapons, same shells. We're both behaving. Our behavior is exactly the same. The warden comes there. He says, let me check your boys. He checks us. He says, oh, I'm assuming you've got an Illinois driver's license. Where's your FOID card? Mr. Jones, you're okay. You don't need it. That is kind of analogous to this because it's illegal. It is illegal for me because of my agency here has determined I have to have this little card. But it's not an illegal behavior for the guy from Missouri to come over. It's the same way here. It was illegal for Mr. Elliott. Yes, he knew. He knew. And he did it. And at that time, it was illegal. But by the time he came to judgment, that act was ruled not legal. It was ruled lawful. It was ruled lawful by the order that rescinded the suspension. I don't think this is that hard of a concept. And it made it harder with Foshin and Chnausky because they didn't want the results. Well, then reinstate. Reinstate. In this situation, he had a hearing on the 19th. The judge immediately sent it up to Secretary of State. And on the 23rd, they said, yep, you're right. We're rescinding it, and we're going to make this effective to 10-0-0. Well, he received it as driving on suspended 10-13. So, clearly, they related it before that term. And it did. It turned an, at that time, unlawful act into a lawful act. That is the only conclusion. And, again, please look at Justice Holdridge. He had it right. He absolutely had it right. And you see where Justice Lyons struggles with it. That's why he wrote a special concurring opinion. But I just believe that that should be the ruling. And if the Secretary of State wants to do something, then do a reinstatement. In Mr. Elliott's case, his driving privileges would have been reinstated on 10-19. So, therefore, as Justice Welk pointed out, it would have been impartial. It would have been impartial. But it's not. The way that it's set up now, a rescission is a rescission. You have to go back to the plain meaning and also Black's law definition. What is rescission? It puts the forms in the same place, exactly where they were, because of the mistake. The term rescission denotes mistake. There's a mistake. Mr. Elliott, driving privileges were taken from him by mistake. They were taken from him because a police officer perceived him to be violating the law. And a judge says, no, no, he wasn't. He was being perfect. He was not breaking the law. Therefore, you had no right to suspend. And the Secretary of State, based upon Judge Grace's words, says, yeah, you're right. It's back to square one. Thank you. Thank you, Mr. Dunham. Ms. Sharma will take another advisement.